**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Amadou Tidjane Niang,** | **Case No. 4:25-cv-2224-PAB** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Voorhies, et al.,** | **TEMPORARY RESTRAINING ORDER** |
| **Defendant.** | |

Currently pending before the Court is the Emergency Petition for Temporary Restraining Order and Preliminary Injunction ("Niang's Second TRO Petition") of Plaintiff Amadou Tidjane Niang ("Plaintiff" or "Niang"), filed on November 19, 2025.  (Doc. No. 14.)

On October 17, 2025, Niang filed a previous Emergency Petition for a Temprorary Restraining Order and Preliminary Injunction ("Niang's First TRO Petition") and his Petition for a Writ of Habeas Corpus ("Niang's Habeas Petition") against Defendants Ed Voorhies, Warden of the Northeast Ohio Correctional Center (the "Warden"), Kim Adams, Cleveland Immigrations and Customs Enforcement ("ICE") Field Office Director, Todd Lyons, Director of ICE, and Kristi Noem, Secretary of the Department of Homeland Security ("Defendants").  (Doc. Nos. 1, 4.)

On October 20, 2025, this Court issued a Temporary Restraining Order granting Niang's First TRO Petition (the "October 20, 2025 Order"). (Doc. No. 6.) [1]  That Order restrained Defendants from removing Niang through November 3, 2025.  (*Id.*)  However, on October 28, 2025, Niang withdrew his request for a TRO and Preliminary Injunction after representing to the Court that the pendency of

---

[1] The Court hereby incorporates the factual allegations and procedural history detailed in its October 20, 2025 Order. (Doc. No. 6 at PageID#s 25-26).

his appeal before the Board of Immigration Appeals ("BIA") stayed his removal.  (Doc. No. 8 at PageID# 33) ("[I]t appears that [Niang] currently benefits from an automatic stay of removal under 8 C.F.R. § 1003.6, as well as the Immigration Court Practice Manual § 8.2 and the BIA Practice Manual § 6.2.  Accordingly, the requested TRO/PI is no longer necessary.")  Based on Niang's withdrawal, the Court vacated the October 20, 2025 Order and set a briefing schedule on Niang's Habeas Petition.  (Entry of Oct. 28, 2025.)

On November 14, 2025, Defendants filed a Return of Writ and Motion to Dismiss, in which they indicate that "[o]n November 12, 2025, the BIA dismissed the appeal" and attach the BIA Notice dismissing Niang's appeal.  (Doc. No. 10 at PageID# 39; Doc. No. 10-6 at PageID#s 62-65, Exhibit F, BIA Notice.)  Now, in Niang's Second TRO Petition, he argues that because the BIA dismissed his appeal, he is again subject to removal, so "[e]mergency injunction relief is therefore necessary to preserve the status quo and prevent irreparable harm while this Court adjudicates the habeas petition." (Doc. No. 14 at PageID# 74.)

Accordingly, for the reasons stated in Niang's Second TRO Petition, Niang's Second TRO Petition is **GRANTED**.  (Doc. No. 14.)  Defendants are hereby **ORDERED** to not remove Niang from the Northeast Ohio Correctional Center for fourteen (14) days, or until December 3, 2025. Additionally, Counsel for Defendants is hereby ordered to immediately notify the Warden of this Order and to provide a copy Niang's Second TRO Petition and a copy of this Order to the Warden. The Clerk is hereby directed to mail a copy thereof to the Warden at 2240 Hubbard Road, Youngstown, OH 44505.  Finally, the Court sets a hearing on Niang's request for a preliminary injunction for December 2, 2025 at 2:00 PM in Court Room 16A.

**IT IS SO ORDERED.**

2

 s/Pamela A. Barker
PAMELA A. BARKER
Date:  November 19, 2025              U. S. DISTRICT JUDGE