IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Amadou Tidjane Niang, | Case No. 4:25-cv-2224-PAB |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Voorhies, et al., | |
| | MEMORANDUM OPINION & ORDER |
| Respondents. | |

On December 2, 2025, this Court held a hearing on Petitioner Amadou Tidjane Niang's ("Petitioner" or "Niang") Motion for Preliminary Injunction filed on November 19, 2025 (Doc. No. 14) (Petitioner's Motion") and Respondents's Return of Writ/Motion to Dismiss the Petition filed on November 14, 2025 ("Respondents' Motion") (Doc. No. 10.).

Respondents contend that thisCourt lacks jurisdiction to issue a preliminary injunction and lacks jurisdiction to grant the Petition, and further argue that Petitioner has failed to exhaust his administrative remedies. (*See generally* Doc. Nos. 10, 20.)  After evaluating the parties' briefs and the statutory and case law cite and discussed therein, and upon considering the parties' further arguments adduced at the hearing, the Court finds the Respondents' arguments to be well-taken.  The Court agrees with Respondents that it lacks jurisdiction to issue a preliminary injunction and lacks jurisdiction to grant the Petition, and therefore, the Court need not address the parties' arguments regarding exhaustion of administrative remedies.

Accordingly, for the reasons set forth in Respondents' Motion (Doc. No. 10) and Respondents' Opposition (Doc. No. 20) and more fully explained on the record at the hearing, the Court hereby ORDERS as follows: Respondents' Motion (Doc. No. 10) is GRANTED; Petitioner's

Motion (Doc. No. 14) is DENIED; and the Petition (Doc. No. 1) is hereby DISMISSED for lack of jurisdiction.

### CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Because of an absence of controlling precedent in this Circuit on the proper procedure on the facts and circumstances presented, the Court acknowledges that reasonable jurists may disagree with the Court's conclusion regarding jurisdiction. For these reasons, the Court GRANTS a Certificate of Appealability on the Petition.

**IT IS SO ORDERED.**

Date: December 3, 2025

 s/Pamela A. Barker  
PAMELA A. BARKER  
U. S. DISTRICT JUDGE